| | | |
|---|---|---|
| ALICE SANDERS and JAMES SANDERS, | ) | |
| | ) | |
| Plaintiffs/Appellants, | ) | |
| | ) | Appeal No. |
| VS. | ) | 01-A-01-9707-CV-00357 |
| | ) | |
| DR. ALVERNICA WHITFIELD and | ) | Davidson Circuit |
| UNITED NEIGHBORHOOD HEALTH | ) | No. 96C-1458 |
| SERVICES, INC., a Tennessee | ) | |
| Corporation, | ) | |

FILED

December 19, 1997

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| Defendants/Appellees, | ) |
| | ) |
| CAYCE FAMILY HEALTH CENTER, INC., | ) |
| | ) |
| Defendant. | ) |

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE BARBARA N. HAYNES, JUDGE

G. KLINE PRESTON, IV
Washington Square Two
222 Second Avenue North
Suite 416
Nashville, Tennessee 37201
        Attorney for Plaintiffs/Appellants

TRACY SHAW
HOWELL & FISHER
Court Square Building
300 James Robertson Parkway
Nashville, Tennessee 37201-1107
        Attorney for Defendants/Appellees

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
KOCH, J.

# **O P I N I O N**

The plaintiff brought an action against the defendant dentist which alleged that the defendant had failed to obtain her informed consent before attempting a root canal. The question on appeal is whether the plaintiff may proceed without expert testimony that the defendant deviated from the standard of care. The Circuit Court of Davidson County granted summary judgment to the defendant. We affirm.

## I.

In March of 1995 the plaintiff, Alice Sanders, consulted the defendant, a dentist at United Neighborhood Health Services, Inc., about the severe pain the plaintiff was experiencing in one of her teeth. The defendant conducted an examination and diagnosed the plaintiff's problem as a periapical abscess, which would require root canal therapy. On April 18, 1995 the plaintiff returned for the suggested treatment, but during the course of the procedure, the defendant discovered that she could not perform root canal surgery because the canal was calcified. The plaintiff alleges that she subsequently lost the tooth and endured excruciating pain.

The plaintiff sued the defendant and the defendant's employers alleging various causes of action. The complaint, however, was subsequently amended to restrict the claims to the following:

> 8. That prior to attempting to perform the root canal, Defendant Dr. Alvernica Whitfield failed to obtain the informed consent of Plaintiff Alice Sanders.
>
> 9. Plaintiff avers that Defendant Whitfield did not advise Plaintiff Sanders as to the potential risks of performing a root canal and, therefore, did not adequately inform Mrs. Sanders in obtaining her consent in accordance with the recognized standard of acceptable professional practice in the profession and in the specialty that the Defendant practices in the community.
>
> * * *

> 13. Plaintiff avers that Defendant's failure to obtain her effective informed consent resulted in a battery to her.

The defendant moved for summary judgment and filed her own affidavit in which she said that she complied with the standard of care in Davidson County and that she explained to the plaintiff in detail the procedure, the risks, and the potential complications of the root canal treatment.

The plaintiff opposed the motion for summary judgment with her own affidavit in which she said the defendant did not explain to her <u>any</u> risks or complications of the procedure.

The trial court granted the motion for summary judgment.

## II.

The plaintiff asserts that expert medical proof is not required to establish a cause of action against the defendant (1) because the malpractice lies within the common knowledge of laymen, *Runnels v. Rogers*, 596 S.W.2d 87 (Tenn. 1980), or (2) because the cause of action is for a battery and not for malpractice, *Cardwell v. Bechtol*, 724 S.W.2d 739 (Tenn. 1987).

We think the first contention fails because we do not think that the common knowledge of laymen includes knowledge of what specific information or warnings should be given to a person about to undergo root canal therapy. In addition, the medical malpractice act includes the following:

> In a malpractice action, the plaintiff shall prove by evidence as required by § 29-26-115(b) that the defendant did not supply appropriate information to the patient in obtaining his informed consent (to the

- 3 -

procedure out of which plaintiff's claim allegedly arose) in accordance with the recognized standard of acceptable professional practice in the profession and in the specialty, if any, that the defendant practices in the community in which he practices and in similar communities.

Tenn. Code Ann. § 29-26-118.

In *German v. Nichopoulos*, 577 S.W.2d 197 (Tenn. App. 1978), the court held that this section required expert proof of the usual and customary advice given to patients to procure consent in similar situations. The plaintiff argues that this case is different from *German v. Nichopoulos* because she asserted in her affidavit that the defendant did not give her <u>any</u> advice before beginning the procedure. But we think the case is exactly like *German v. Nichopoulos* where the court said:

Counsel insists that simply because plaintiff testified that no one told her of any possible risks prior to receiving the injection, a *prima facie* case based on lack of informed consent was made out. We disagree and hold, as did the Middle Section of this Court in an unreported case, that, in matters of informed consent the plaintiff has the burden of proving by expert medical evidence, (a) what a reasonable medical practitioner of the same or similar communities under the same or similar circumstances would have disclosed to the patient about attendant risks incident to a proposed diagnosis or treatment and (b) that the defendant departed from the norm.

577 S.W.2d at 204. Therefore, if the claim is based on medical malpractice it fails for a lack of proof on the standard of care.

If the claim is for battery, it seems that we come out at the same place. Treating a patient without giving the patient adequate information to make an informed decision to submit to treatment amounts to a battery. *Cardwell v. Bechtol*, 724 S.W.2d 739 (Tenn. 1987). But, Tenn. Code Ann. § 29-26-118 "explicitly requires as part of the plaintiff's burden or proof that the standard of care for obtaining informed consent must be shown by expert evidence . . . ." *Id.* at 750. "Whether the defendant failed to obtain informed consent is dependent upon the standard of care of the

- 4 -

profession or specialty . . . ." *Id.* Therefore, we think the plaintiff's cause of action for battery also fails for a lack of expert proof.

- 5 -

The judgment of the trial court is affirmed and the cause is remanded to the Circuit Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellants.

_____
BEN H. CANTRELL, JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
WILLIAM C. KOCH, JR., JUDGE

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

ALICE SANDERS and JAMES SANDERS,

       Plaintiffs/Appellants,

VS.

DR. ALVERNICA WHITFIELD and UNITED NEIGHBORHOOD HEALTH SERVICES, INC., a Tennessee Corporation,

       Defendants/Appellees,

CAYCE FAMILY HEALTH CENTER, INC.,

       Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Appeal No.
01-A-01-9707-CV-00357

Davidson Circuit
No. 96C-1458

Affirmed and
Remanded

## **J U D G M E N T**

      This cause came on to be heard upon the record on appeal from the Circuit Court of Davidson County, briefs and argument of counsel; upon consideration whereof, this Court is of the opinion that in the judgment of the trial court there is no reversible error.

      In accordance with the opinion of the Court filed herein, it is, therefore, ordered and adjudged by this Court that the judgment of the trial court is affirmed. The cause is remanded to the Circuit Court of Davidson County for the execution of the judgment and for the collection of the costs accrued below.

      Costs of this appeal are taxed against Alice and James Sanders, Principals, and Kline Preston, Surety, for which execution may issue if necessary.

      ENTER _____.


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE